IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA )
) No. 3-09-00091
v. )
)
KYLE SEVERS )

O R D E R

Pursuant to the order entered August 18, 2011 (Docket Entry No. 57), counsel for the government and the defendant called the Court on August 25, 2011, at which time the defendant's motion to move to a local facility (Docket Entry No. 55) was DENIED.

Defendant's counsel advised that he had spoken to Deputy Marshal Jeff Dill, as directed in the August 18, 2011, order, and that Deputy Dill was not willing to voluntarily move the defendant to the Robertson County Jail.

The basis for the motion (Docket Entry No. 55) was that moving to the Springfield area would facilitate communication with his appointed counsel.[1] Upon questioning from the Court, defendant's counsel acknowledged that it was only ten (10) minutes further for him to travel to the Criminal Justice Center ("CJC"), where the defendant is currently housed, than it would be for him to travel to the Robertson County Jail, where the defendant seeks to be transferred.

Therefore, it does not appear to the Court that relocating the defendant from the CJC to the Robertson County Jail would significantly facilitate communication with his counsel.

In his pro se letter (Docket Entry No. 54), the defendant also asserted that his family "lives closer to Springfield," that Nashville "has a lot of gang activity, which can result in violence," and that "the guards get violent, and have, in some cases, inflicted injuries." The defendant did not indicate where his family resides or the relative distance between his family and the CJC or the

---

[1] The Court notes that the defendant had previously filed pro se motions to be moved from the Robertson County Jail as a result of "cruel and unusual punishment."

Robertson County Jail. Although the defendant alluded to violence in Nashville and the CJC, he did not indicate that he had been the victim of any violence.

The Court agrees with the government that, absent extraordinary circumstances or constitutional violations, the United States Marshal is vested with the responsibility and authority to determine where pre-trial detainees should be housed.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge