## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs | ) Case No. 3:09-cr-00091 |
| | ) Judge Campbell |
| KYLE SEVERS | ) |
|     Defendant | ) |

### RESPONSE TO MOTION TO READ "VICKY SERIES" HEARSAY STATEMENTS IN OPEN COURT

Comes now the Defendant, Kyle Severs, and respectfully opposes the reading of the "Vicky Series" mass victim impact statement into the record of sentencing on Defendant's case. It would appear that the Government is seeking the huge restitution which the victim in this case has sought in 100s of other cases involving child pornography. Defendant would show unto the court the following:

1) Defendant is indigent.

2) The Sixth Circuit, on February 10, 2012, in U.S. v. Ovell Evers, Sr., ____ F.3d ___, 2012 U.S. App. Lexis 2641 (6th Cir. 2/10/2012), {attached "Ex. A" to this response}, adopted a view that the Government must show a specific proximate cause of injuries when ordering 18 U.S.C. § 2259 restitution. [Evers, Ex. A at A-7]. The Sixth Circuit followed the rationale of child pornography cases used by other circuits that a specific damage from a specific act by defendant is necessary before restitution can be ordered. [See, U.S. v. Monzel, 641 F.3d 528 (D.C. Cir. 2011); U.S. v. Aumais, 656 F.3d 147 (2nd Cir. 2011); and U.S. v. McDaniel, 631 F.3d 1204 (11th Cir. 2011)].

3) Evers says that restitution awards are not limitless, and must tie directly to the defendant's actions. [Evers, Ex. A at A-6]. Restitution damages of multiple defendants cannot simply be lumped together for a huge damage amount which is completely, jointly and severally owed by each individual defendant. [Monzel, 641 F.3d at 534]. Instead, the Government must show how each defendant's actions proximately caused the claimed injury being compensated. [Monzel, 641 F.3d at 534 and 536; McDaniel, 631 F.3d at 1208 and Aumais, 656 F.3d at 153-154].

4) As noted in Aumais, there is no restitution tracking available for cases such as the "Vicky Series" of cases and said fact would, and does, cause a logistics

nightmare relating to multi-jurisdiction joint and several liabilities.  [Aumais, 656 F.3d at 155-156].

## CONCLUSION

The mass-produced "Vicky Series" victim impact statement and restitution request should be barred from Defendant's sentencing.

This is the 13th day of February, 2012.

Respectfully Submitted:


/s/Gregory D. Smith
Gregory D. Smith
Court Appointed Counsel for Defendant
BPR #013420
331 Franklin Street, Ste. 1
Clarksville, TN 37040
(931) 647-1299


## CERTIFICATE OF SERVICE

I, Gregory D. Smith, hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of Electronic Filing to Darryl Anthony Stewart, darryl.stewart@usdoj.gov, on this the 13th day of February, 2012.

/s/Gregory D. Smith
Gregory D. Smith