*Richards*, 659 F.3d at 538 (footnotes omitted).

In the present case, the warrant was "as specific as the circumstances and the nature of the activity under investigation permit[ted]," *Guest*, 255 F.3d at 336 (citation and internal quotation marks omitted), and confined the search to evidence of child pornography on the computer, camera, and media described by the victim M.E. and Junior. *See United States v. Lacy*, 119 F.3d 742, 746 (9th Cir. 1997) [*15] (upholding a warrant authorizing the search of the defendant's entire computer system where, although "[b]oth warrants described the computer equipment itself in generic terms and subjected it to blanket seizure . . . [t]he government knew Lacy had downloaded computerized visual depictions of child pornography, but did not know whether the images were stored on the hard drive or on one or more of his many computer disks."). Evers presents no evidence whatsoever that the officers engaged in prohibited "exploratory rummaging" or made inadvertent discoveries in their search of his computer, camera, and other electronic devices. *Grimmett*, 439 F.3d at 1270. The [**9] district court therefore did not err in denying Evers' motions to suppress the evidence obtained as a result of the search of his residence. *See Richards*, 659 F.3d at 541-42.

Alternatively, even assuming arguendo that the warrant was invalid for lack of particularity, the *Leon* good-faith exception, "which allows admission of evidence 'seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective,'" applies in this case. *United States v. Paull*, 551 F.3d 516, 523 (6th Cir. 2009) (quoting *United States v. Leon*, 468 U.S. 897, 905 (1984)). [*16] "*Leon* made clear that only in exceptional circumstances is law enforcement to disregard a magistrate judge's authorization — for instance, when a warrant is 'so lacking in indicia of probable cause as to render official belief in its existence unreasonable[,]' or when a warrant is 'so facially deficient that it could not reasonably be presumed valid.'" *Richards*, 659 F.3d at 542 (quoting *United States v. Hodson*, 543 F.3d 286, 292 (6th Cir. 2008) (citations and internal quotation marks omitted)).

Although the search warrant at issue was by no means a model of clarity, it cross-referenced Sergeant Beck's affidavit, which in turn recited the underlying factual circumstances of the alleged sexual crimes, identified the victim, gave the address of Evers' residence, and listed a "Digital Camera, Photo's [sic], Personal Computer and accessories" — items linked by M.E. to the offenses — as objects subject to seizure. Contrary to Evers' argument, the affidavit was not so "bare bones," or the warrant "so facially deficient," that the executing officers could not reasonably have relied upon them. *United States v. Moore*, 661 F.3d 309, 314-15 (6th Cir. 2011).

III.

Pursuant to 18 U.S.C. § 2259, the [*17] district court awarded $1,640 in restitution to Junior, in his capacity as the legal guardian of the victim M.E., for lost wages ($1,500) incurred as a result of his attendance at the court proceedings in this case, and child care expenses ($140). Evers does not contest Junior's status as guardian or quarrel with the dollar amount of the restitution. He does contend, however, that the restitution ordered in this case is not permitted under the statute for several reasons. First, he maintains that to the extent Junior, as guardian, falls within the definition of a "victim" set forth in [**10] 18 U.S.C. § 2259(c), he is only entitled to collect restitution for the losses "incurred by the victim" herself, i.e., *M.E.'s* lost income. Second, even if these are cognizable losses, they were not proximately caused by the offenses in question and therefore are not recoverable under § 2259. Third, the district court's award of $140 in child care expenses is not justified because Evers provided free babysitting services to Junior, looking after not only M.E., but her brother and Junior's son as well. Upon Evers' arrest, Junior merely lost his free source of child care — a completely gratuitous service [*18] that Junior otherwise would have paid for; therefore, the child-care expenses incurred by Junior were far too attenuated to have been the result of Evers' criminal conduct.

We review de novo the question whether restitution is permitted under the law. *United States v. Jones*, 641 F.3d 706, 713 (6th Cir. 2011). If it is determined that restitution is permissible, then the amount of restitution is reviewed under the abuse-of-discretion standard. *United States v. Batti*, 631 F.3d 371, 379 (6th Cir. 2011). The government bears the burden of proving the amount of the victim's loss by a preponderance of the evidence. 18 U.S.C. §§ 2259(b)(2), 3664(e); *United States v. Kratt*, 579 F.3d 558, 565 (6th Cir. 2009); *United States v. Vandeberg*, 201 F.3d 805, 814 (6th Cir. 2000).

The Mandatory Restitution for Sexual Exploitation of Children Act, 18 U.S.C. § 2259, was enacted for the purpose of compensating the victims of offenses involving the sexual exploitation of children. It makes restitution "mandatory" for such crimes and "direct[s] the defendant to pay the victim . . . the full amount of the victim's losses as determined by the court." 18 U.S.C. § 2259(b)(1), (b)(4). The term "victim" is defined [*19] by the Act as

> the individual harmed as a result of a commission of a crime under this chapter, *including, in the case of a victim who is under 18 years of age*, incompetent, incapacitated, or deceased, *the legal guardian of the victim* or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, but in no event shall the defendant be named as such representative or guardian.

A-4